Filed 1/10/25  P. v. Rivera CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ARNULFO RIVERA, JR.,<br><br>     Defendant and Appellant. | A169327<br><br>(Contra Costa County<br> Super. Ct. No. 5-161310-8) |

In his third appeal in this matter, defendant Arnulfo Rivera, Jr., appeals from the trial court's resentencing imposed after remand.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues and requesting that this court independently review the record.  We modify the judgment to reduce the amount of two imposed fees, and we affirm the judgment as modified.

## I.  BACKGROUND

The underlying facts and procedural history are discussed in detail in this court's prior opinions in this matter, *People v. Rivera* (Dec. 6, 2019, A151733) [nonpub. opn.] (*Rivera I*) and *People v. Rivera* (Jan. 13, 2023, A160739) [nonpub. opn.] (*Rivera II*).  Following a domestic violence incident

1

in 2016, Rivera was charged with corporal injury on a cohabitant (Pen. Code,[1] § 273.5, subd. (a); count one); assault with a deadly weapon (§ 245, subd. (a)(1); counts two & six); criminal threats (§ 422, subd. (a)) with the personal use of a deadly weapon (§ 12022, subd. (b)(1); count three); dissuading a witness by force or threat (§ 136.1, subd. (c)(1); count four); and criminal threats (§ 422, subd. (a); count five.) It was further alleged that he had two prior serious felony convictions (§ 667, subd. (a)(1)), two prior strike convictions (§§ 667, subds. (d), (e), 1170.12, subds. (b), (c)), and three prior prison term convictions (§ 667.5, subd. (b)). (*Rivera I*, *supra*, A151733.)

A jury convicted Rivera on counts one through five and acquitted him on count six. The two prior strike convictions and prior serious felony convictions were found true. In 2017, the trial court sentenced Rivera to an aggregate prison term of 35 years to life. On count two, the court sentenced him to a third strike term of 25 years to life. Sentences of 25 years to life on the remaining counts were imposed but stayed under section 654. A consecutive 10-year sentence was imposed comprised of five years each for the two prior serious felony enhancements. Defendant was awarded 341 days of presentence credits for actual time served but was not awarded any conduct credits. Rivera appealed. (*Rivera I*, *supra*, A151733.)

In December 2019, this court reversed Rivera's conviction on count five. We remanded the matter to the trial court with instructions to award Rivera 340 days of conduct credit, for total presentence custody credits of 681 days. We also remanded for resentencing, directing the trial court to determine whether Rivera's two prior serious felony enhancements imposed under

---

[1] Undesignated statutory references are to the Penal Code.

2

section 667, subdivision (a) should be stricken under Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393).  (*Rivera I*, *supra*, A151733.)

On remand, Rivera asked the trial court to:  (1) dismiss one or both of his prior strike convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*); (2) exercise its newly granted discretion under Senate Bill 1393 to dismiss his two, five-year sentence enhancements imposed under section 667, subdivision (a); and (3) award him a total of 681 days of presentence custody credit.  At the resentencing hearing in 2020 (first resentencing), the court denied Rivera's *Romero* motion but dismissed both of his five-year serious felony enhancements.  As a result, Rivera's aggregate prison term was reduced from 35 years to life to 25 years to life.  The court also awarded Rivera 681 days of presentence custody credits.  Rivera appealed for a second time.  (*Rivera II*, *supra*, A160739.)

In January 2023, this court remanded the matter for another resentencing to allow the trial court to exercise its discretion under Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518), which amended section 654 to give the trial courts discretion to impose and execute the sentence for any one of the offenses for which a defendant was convicted based on the same act—including the one with the shortest prison term— while staying execution of the other sentences, and under any other applicable sentencing law changes.  We also directed the trial court to impose sentence on counts one, three, and four; amend the abstract of judgment to award Rivera 1,492 presentence custody credits and 340 conduct credits, for a total of 1,832 days; and amend the abstract of judgment to reflect that Rivera's conviction on count five was reversed.  (*Rivera II*, *supra*, A160739.)

On remand, Rivera filed a resentencing memorandum asking the trial court to:  (1) exercise its discretion under section 654, as amended by

3

Assembly Bill 518, to designate count one (corporal injury on a cohabitant)—a non-strike offense—as the principal term; and (2) strike his 1993 prior strike conviction for assault with a deadly weapon pursuant to *Romero, supra*, 13 Cal.4th 497. As to his 1993 prior strike, he argued that assault with a deadly weapon was not a strike at the time he entered his plea, there was an issue as to whether it was Rivera or his brother who actually used the baseball bat in the offense, the conviction was 30 years old, and 14 years had passed between the 1993 conviction and his next strike offense. Rivera also emphasized his conduct while in prison for the present offense. He had participated in rehabilitative programs, such as the victim awareness offender's program and the advanced training workshop of the alternative to violence program, and he earned his GED certification. The People asked the court to decline to exercise its discretion to sentence Rivera on count one, deny his *Romero* motion, and impose the same third strike sentence of 25 years to life.

The trial court held the resentencing hearing in November 2023 (second resentencing).[2] The court explained it had read and considered the parties' resentencing briefs and supporting evidence (including the transcript from the 2017 original sentencing), the 2017 probation report, and this court's prior opinions. The court acknowledged its discretion to strike Rivera's prior strike convictions, and it refused to strike either conviction. The court agreed with the judges who conducted the original sentencing and

---

[2] The Honorable John Kennedy presided over the second resentencing. Both the Honorable Bruce Mills, who oversaw the trial and original sentencing, and the Honorable Theresa Canepa, who conducted the first resentencing, had retired.

the first resentencing and found that Rivera fell squarely within the spirit of the "Three Strikes" law.

The trial court considered the nature and circumstances of the present offense, explaining that Rivera had punched, kicked, and strangled the victim; held a knife to her throat and threatened to kill her; and threatened her and her children when he thought she was calling the police. The court adopted the factual findings and reasoning of the trial judge, concluding they were supported by the record.

The trial court considered the nature of Rivera's two prior strike convictions. In 1993, he was convicted of assault with a deadly weapon stemming from an incident which started as mutual combat involving Rivera, his brother, and a third person. The court explained that while there may have been uncertainty as to whether Rivera or his brother wielded the baseball bat in assaulting the victim, they were both convicted of assault with a deadly weapon on plea. Regarding Rivera's 2007 conviction for criminal threats, the court explained that Rivera had threatened his pregnant girlfriend that if she did not have an abortion, he would cut the baby out of her. The court also considered the age of the two prior strike convictions.

The trial court considered Rivera's criminal history, which included 10 felony convictions and 18 misdemeanor convictions, with probation and parole being revoked numerous times over 25 years. Rivera had nine convictions for domestic violence-related offenses, and the court expressed its concern about Rivera's "consistent and unrelenting pattern of abusing his domestic partners . . . every time he is released from custody." As the trial judge had pointed out, upon release Rivera would return to the same behavior and none of his prior imprisonments were adequate to deter his conduct. For example, in 2008 when Rivera was released from prison for his

second strike, he called the victim—the pregnant girlfriend he had threatened—and told her that he was out of prison and was going to finish what he had threatened to do to her. The court reasoned Rivera had demonstrated that only a lengthy prison sentence would enable him to rehabilitate and to keep the public, particularly the women in his life, safe. The court also considered Rivera's background, character and prospects, including "his commendable behavior while in prison and the efforts he ha[d] taken to rehabilitate himself."

Additionally, the trial court acknowledged its discretion under amended section 654 to sentence Rivera on any of the counts, stating "there is no longer a legal requirement that I sentence him to the count that has the longest sentence." The court further acknowledged that all counts except for count one would result in the same sentence because they were all strikes for violent or serious felonies. The court refused to designate count one—as requested by Rivera—as the principal term.

The trial court resentenced Rivera to an aggregate prison term of 25 years to life, comprised of the principal term of 25 years to life on count two; the midterm of three years, doubled to six years, on count one; 25 years to life plus a one-year enhancement on count three; and 25 years to life on count four. The court stayed the sentences imposed on all counts other than count two. As had the judge at the first resentencing, the court struck the enhancements for Rivera's two prior serious felony convictions. The court awarded Rivera 2,682 actual custody credits (awarded from the date of his arrest through the date of the second resentencing) and 340 conduct credits, for a total of 3,022 days. The court imposed various fines and fees and directed that all prior restitution orders remain in effect.

6

## II. DISCUSSION

Rivera appealed from the trial court's November 2023 resentencing order. We appointed appellate counsel, who filed a *Wende* brief raising no issues and requesting that we independently review the record.[3] (*Wende, supra*, 25 Cal.3d 436.) Counsel advised Rivera of the opportunity to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from Rivera.

Our review of the record has disclosed the imposition of fees in unauthorized amounts. The trial court imposed a $200 court operations assessment (§ 1465.8, subd. (a)(1)) and a $150 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)), "as previously imposed." Presumably, the court imposed each assessment on five convictions. (See § 1465.8, subd. (a)(1) [$40 on every conviction]; Gov. Code, § 70373, subd. (a)(1) [$30 on every conviction].) While Rivera was originally convicted on counts one through five, we reversed the conviction on count five in *Rivera I.* Fees should have been assessed on only four convictions. Therefore, we modify the judgment to reduce the court operations assessment to $160 and the criminal conviction assessment to $120. (See *People v. Scott* (1994) 9 Cal.4th 331, 354 [court may correct unauthorized sentence on appeal]; *People v. Robertson* (2012) 208 Cal.App.4th 965, 995 [unauthorized sentence " 'is subject to judicial correction whenever the error comes to the attention of the reviewing court' "].)

Having independently reviewed the record, we find no other arguable issues. The trial court reviewed the parties' sentencing briefs and evidence and the probation report from the original sentencing, heard the parties'

---

[3] The same attorney represented Rivera in all three appeals.

arguments, and acknowledged its sentencing discretion. The court did not abuse its broad discretion in declining to strike one of Rivera's prior strike convictions, which request the trial court had previously denied at the original sentencing and at the first resentencing. Nor did the court abuse its discretion in designating count two—not count one—as the principal term. The sentence and the fines imposed were authorized.

## III. DISPOSITION

The judgment is modified to reduce the court operations assessment fee to $160 and the criminal conviction assessment fee to $120. As modified, the judgment is affirmed. The trial court is directed to correct the sentencing minute order and the abstract of judgment to reflect these modifications and forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

LANGHORNE WILSON, J.

WE CONCUR:

HUMES, P. J.

HILL, J.*

A169327
*People v. Rivera*

---

* Judge of the Superior Court of California, County of San Mateo, assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.

9